**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| YANGTZE MEMORY TECHNOLOGIES COMPANY, LTD.,<br><br>*Plaintiff*,<br><br>v.<br><br>MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., MICRON TECHNOLOGY TEXAS LLC; and AVNET, INC.,<br><br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 2:25-CV-01010-JRG |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Compel Micron and Avnet to Produce Venue-Related Discovery ("Motion"). (Dkt. No. 85.) Having considered the Motion, all associated briefing, and the documents submitted in support thereof, the Court finds that the Motion should be **GRANTED IN PART**.

## I. LEGAL STANDARD

### A. Venue

A patent infringement case may only be brought in a proper venue. 28 U.S.C. § 1400(b) specifies that venue is proper for a patent infringement case where a defendant has committed acts of infringement and has a "regular and established place of business." *Id.* A "regular and established place of business" may exist where the regular, physical presence of an agent of the defendant conducts the defendant's business. *In re Google LLC*, 949 F.3d 1338, 1345 (Fed. Cir. 2020).

Whether another company's employee qualifies as a defendant's agent, such that a case could be brought in that venue, entails a fact-specific inquiry. An employee acts as an agent for a defendant when (1) the defendant has a "right to direct or control" the agent's actions, (2) the defendant manifests consent that the agent shall act on its behalf, and (3) the agent consents to act. *Id.* Courts generally look for whether a defendant has "interim control" over an employee. *Id.* Such control may be evidenced by showing "step-by-step" instructions for "control over the sales process itself." *In re Volkswagen Grp. of Am., Inc.*, 28 F.4th 1203, 1211–12 (Fed. Cir. 2022).

**B. Venue Discovery**

The Federal Rules of Civil Procedure, the Fifth Circuit, and the Supreme Court favor broad discovery, including with respect to venue issues. *See, e.g.*, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978) ("[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues."); *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 276 (5th Cir. 2006) (holding that jurisdictional discovery decisions will not be disturbed absent a clear abuse). Nonetheless, venue-related discovery should be denied where it is implausible that such discovery could reveal significant facts bearing on venue. *See Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 221 (5th Cir. 2000) (quoting *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982)) ("[T]his Court affirms denials of discovery on questions of personal jurisdiction in cases where discovery sought 'could not have added any significant facts.'").

**II. ANALYSIS**

Plaintiff alleges that the Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas LLC Defendants ("Micron") work with its distributor Defendant Avnet, Inc. ("Avnet"), who operates in this District, to sell Micron products. Among other terms between these parties, a distribution agreement signed in 2024 expresses that Avnet is "free to establish the prices at and terms upon" it sells Micron products to Avnet customers. (Dkt. No. 24

at 4–5 (citation omitted).) That agreement also specifies that the title and risk of loss for Micron products passes to Avnet upon shipment. (*Id.*) In this case, Plaintiff seeks discovery to determine whether in truth and fact Micron exerts sufficient control over Avnet's sales process to establish that venue is proper in this District.

For venue purposes, Plaintiff contends that it needs certain email discovery and related deposition testimony to attempt to prove that Avnet acts as an agent for Micron. (Dkt. No. 85.) Defendants previously agreed to allow Plaintiff to serve requests for production related to venue discovery and depose related witnesses. (Dkt. No. 66 at 3; Dkt. No. 66-1.) The Court thereafter ordered venue discovery. (Dkt. No. 82.)

Defendants, upon responding to Plaintiff's requests for production and producing about 300 documents, have "refused to provide . . . documents and communications [that] Micron has shared with Avnet instructing and guiding Avnet's sale, marketing, and customer support relating to Micron's products." (*See* Dkt. No. 85 at 2.) Defendants have also refused to provide deposition testimony about "virtual meetings and communications between Micron and Avnet" as related to venue. (*Id.* at 5.)

Defendants contend that Plaintiff's discovery requests are "irrelevant" to the venue issue in this case. (Dkt. No. 87 at 7 ("[Plaintiff] has failed to demonstrate that any additional discovery is relevant . . . .").) They also contend that email discovery is disproportionate to the needs of this case and that the Court's prior order on venue discovery (Dkt. No. 82) "is silent regarding email discovery." (Dkt. No. 87 at 2–3.) Defendants explain that they "limited [their] collection" to documents they share with all their distributors "precisely because Micron stores distributor trainings there." (*Id.* at 5.) They also refused to provide deposition testimony about virtual

meetings and communications between Micron and Avnet because such testimony would be "unduly burdensome." (*Id.* at 7.)

The Court, in large part, agrees with Plaintiff that Defendants should produce documents and provide testimony for venue discovery they previously agreed to produce and provide. (*See* Dkt. No. 66-1.) Plaintiff plausibly alleges that Micron may use communications to control the pricing and sale of its products based on its produced trainings and draft emails it provides to Avnet, despite formal agreements suggesting otherwise. (Dkt. No. 85 at 3–4.) Such discovery potentially may—or may not—evidence that Micron has "interim control" over Avnet when Avnet sells Micron products, and thus show that Avnet acts as Micron's agent to establish that venue is proper in this District. *See In re Google LLC*, 949 F.3d 1338, 1345 (Fed. Cir. 2020). Likewise, such Micron-Avnet communications potentially may evidence that Micron provides "step-by-step" instructions for "control over the sales process itself." *See In re Volkswagen Grp. of Am., Inc.*, 28 F.4th 1203, 1211–12 (Fed. Cir. 2022). The Court disagrees with Defendants' representations that this discovery is irrelevant to venue issues.

Nothing in this Order establishes email discovery as a normal or typical inquiry necessary to establish venue; the reasoning of this Order is strictly limited to the unique facts in this case. Accordingly, it is **ORDERED** that Plaintiff shall obtain emails from two custodians: one for Micron and one for Avnet. Plaintiff shall choose between Justin Bennett and Taylor Aikenhead of Micron; and between Steve Foley and Robin Webb of Avnet. Plaintiff shall obtain no more than 1,000 emails per custodian. (*See* Dkt. No. 85 at 6.) The parties shall work together on search terms and times selected by Plaintiff to ensure that no more than 1,000 emails per custodian are produced. Micron and Avnet shall complete production of such emails by **September 11, 2026**. It is further **ORDERED** that Plaintiff shall be entitled to obtain Federal Rule of Civil Procedure

30(b)(6) deposition testimony regarding meetings and interactions between Defendants' employees in or related to this District that Defendants refused, including regarding information which Defendants may have previously refused to produce. All remaining venue-related depositions shall be completed by **October 2, 2026**. Thereafter, the Court will address its earlier stay related to venue issues.

In light of this venue-related discovery schedule, Defendants' Unopposed Motion for Protective Order (Dkt. No. 88), which requests permission to defer venue-related depositions until after the Court rules on the Motion (Dkt. No. 85), is hereby **DENIED AS MOOT**. Defendants' Opposed Motion to Sever, Dismiss, and Stay the Claims Against Micron Technology Texas, LLC and Transfer the Remainder of the Case (Dkt. No. 50) and Avnet's Opposed Conditional Motion to Sever and Stay (Dkt. No. 52) are **DENIED WITHOUT PREJUDICE**. Those motions both turn on the Court's resolution of the parties' venue disputes. Such may be refiled, if appropriate, once venue discovery is complete. (Dkt. No. 50 at 20 (explaining that the Court should "dismiss the claims against Micron based on its pending venue motion"); Dkt. No. 52 at 1.)

## III. CONCLUSION

The Court finds that the Motion (Dkt. No. 85) should be **GRANTED IN PART** as set forth above. Any relief requested by Plaintiff in the Motion and not set forth above is **DENIED**.

**So ORDERED and SIGNED this 13th day of August, 2026.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE